

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 31, 2022

**BY ECF**

The Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Darren Brown*, 19 Cr. 627 (VM)

Dear Judge Marrero:

    The Government submits this letter in advance of sentencing for Darren Brown, the defendant in the above-captioned case, which is scheduled to be held before Your Honor on November 4, 2022. As part of a plea agreement, the Government calculated a United States Sentencing Guidelines ("U.S.S.G.") range of 151 to 188 months' imprisonment (on the basis that the defendant is a career offender), and the defendant calculated a Guidelines range of 110 to 137 months' imprisonment (on the basis that the defendant is not), with an agreed-upon stipulated guidelines range of 110 to 188 months' imprisonment (the "Stipulated Guidelines Range"). For the reasons set forth below, the Government respectfully submits that a sentence below the Stipulated Guidelines Range is fair and appropriate.

    **I.**    **Offense Conduct**

    The defendant participated in a conspiracy to distribute and possess with intent to distribute cocaine base, in a form commonly known as crack cocaine, in the vicinity of West 157th Street and Amsterdam Avenue in Manhattan, New York. From July 2018 through January 2019, law enforcement agents conducted approximately five controlled purchases of crack cocaine from the defendant, totaling less than two grams. (PSR ¶ 17). The defendant, however, has agreed to be held responsible for distributing between 196 and 280 grams of crack cocaine. (PSR ¶ 3).

    **II.**    **The Defendant's Plea and Guidelines**

    On April 19, 2022, the defendant pleaded guilty pursuant to plea agreement before United States Magistrate Judge Stewart Aaron to conspiracy to distribute and possess with intent to distribute 28 grams and more of cocaine base, in violation of Title 21, United States Code, Section 846. On May 6, 2022, the Court issued an order accepting the defendant's guilty plea. (Dkt. 147.)

    In the plea agreement, the parties disagreed as to whether the defendant is a career offender. If the defendant is a career offender, the Guidelines range is 151 to 188 months' imprisonment. If not, the Guidelines range is 110 to 137 months' imprisonment.

The Probation Department agrees with the Government and concludes the defendant is a career offender. (PSR ¶ 92). The Probation Department calculates a Guidelines range of 151 to 188 months' imprisonment but recommends a variance of 84 months. (PSR pp. 28).

### III. Discussion

#### A. Applicable Law

Although *United States* v. *Booker*, 543 U.S. 220, 264 (2005), held that the Guidelines are no longer mandatory, it also held that district courts must "consult" the Guidelines and "take them into account" when sentencing. As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall* v. *United States*, 552 U.S. 38, 49 (2007).

After performing that calculation, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," (2) the four legitimate purposes of sentencing, as set forth below, (3) "the kinds of sentences available," (4) the Guidelines range itself, (5) any relevant policy statement by the Sentencing Commission, (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and (7) "the need to provide restitution to any victims." 18 U.S.C. § 3553(a)(1)-(7); *see Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

#### B. The Defendant Is a Career Offender

Although the defendant reserved the right to do so in the Plea Agreement, the defendant has not advanced the argument in his sentencing letter that he is not a career offender. The Court should find that the defendant is a career offender because he has three prior convictions for criminal sale of a controlled substance in the third degree, which qualify as "controlled substance offenses" under U.S.S.G. § 4B1.1, and also has a conviction for robbery in the third degree, which qualifies as a "crime of violence" under U.S.S.G. § 4B1.1. Such a finding would be consistent

with other courts in this District to have addressed this issue. *See, e.g.*, *United States v. Rodriguez*, 18 Cr. 895 (LAK), Dkt. 47 at 14 (S.D.N.Y. Oct. 4, 2019) (finding the defendant was a career offender and noting, "I am persuaded by the government's argument with respect to the guidelines issues substantially for the reasons set forth in the government's letter . . ."); *United States v. Gonzalez*, 17 Cr. 70 (LAK); 21 Cr. 177 (LAK) (S.D.N.Y. June 16, 2022) (same).

In *United States v. Townsend*, 897 F.3d 66, 75 (2d Cir. 2018), the Second Circuit held that a "controlled substance offense" under U.S.S.G. § 4B1.2(b) does not include a violation of a state drug statute that covers more controlled substances than appear on the federal controlled substances list. The Circuit concluded that the defendant in that case – who had previously been convicted of fifth-degree criminal sale of a controlled substances – was not a career offender because the version of the New York statute under which the defendant had been convicted listed at least one substance that was not on the federal list and therefore criminalized some conduct that would not be criminalized under analogous federal law. *Id.* at 74. But New York Penal Law § 220.39(1) – the section under which the defendant was convicted – does not criminalize more conduct than its federal counterpart and, therefore, the defendant's drug offenses constitute "controlled substance offenses" for purposes of the career offender enhancement. *Townsend*, 897 F.3d at 74. Thus, the Court should find that the defendant is a career offender.

### C. A Below-Guidelines Sentence Is Appropriate

The Government submits that a below-Guidelines sentence is appropriate in this case.

As an initial matter, the offense conduct in this case was extremely serious. The defendant was a member of a drug trafficking organization that distributed large quantities of crack cocaine in Upper Manhattan. The defendant personally engaged in at least five sales of crack cocaine to an undercover officer while other members of his crew conducted additional sales. Crack cocaine, like all illicit drugs, has a devastating effect on the communities in which it is sold. Thus, the defendant, through his participation in this conspiracy, caused significant harm to his community, and should be punished with a serious term of imprisonment.

A serious term of imprisonment is also appropriate to promote the goals of specific and general deterrence. The defendant has an extensive criminal history with 18 criminal history points. These prior convictions involve drug offenses as well as a crime of violence. His prior convictions have typically resulted in only a few years of imprisonment, which to date have failed to deter additional criminal conduct. Thus, a lengthy term of imprisonment is necessary to deter future criminal conduct, including drug dealing, by the defendant.

As the Court may be aware, on June 22, 2021, the U.S. Department of Justice provided public testimony in support of the EQUAL Act, S.79. This proposed legislation would eliminate the powder-to-cocaine base sentencing disparity in 21 U.S.C. §§ 841 and 960. Although the Department supports elimination of the powder-to-cocaine base disparity, until legislation to that effect is passed, the current statutory and guidelines provisions remain in effect.

In this case, the amount of cocaine base attributable to the defendant's criminal conduct is at least 196 grams but less than 280 grams, which results in an adjusted offense level of 23, and a

current Guidelines sentencing range of 151 to 188 months' imprisonment, assuming the Court adopts the Government's and Probation's view that the defendant is a career offender.

The Government notes, however, that *if* the defendant were not a career offender, and *if* the powder cocaine Guidelines were instead applied to the same amount of cocaine base, the adjusted offense level would be 13, and the Guidelines sentencing range would be 33 to 41 months' imprisonment. The Court can and should, consistent with the law and current sentencing framework, consider the powder-to-cocaine base disparity in assessing the Section 3553(a) factors. *See Kimbrough v. United States*, 552 U.S. 85, 106-08 (2007); *United States v. Cavera*, 550 F.3d 180, 191-92 (2d Cir. 2008) (en banc).

### IV.  Conclusion

For the reasons set forth above, the Government respectfully requests that the Court impose a below-Guidelines sentence on the defendant.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____/s/_____
Alexandra Rothman
Assistant United States Attorney
(212) 637-2580

cc:   Lance Clarke, Esq. (via ECF)